## MARSH v. GLENS FALLS INS. CO.

(Supreme Court, Appellate Division, Third Department. December 18, 1896.)

INSURANCE—FIRE POLICIES—CONDITIONS—INSTRUCTIONS.

     A policy on a hop kiln, building, and contents was conditioned to be valid only while other insurance, if any, should be retired or void "on account of the hop drying process or hazard." Another policy thereon was conditioned to be valid "except during hop harvesting." When the fire occurred, the hops had been dried and stored, and were being baled for market. *Held,* that it was error to instruct, in the absence of a showing that baling is a part of the drying process, that plaintiff should recover· if harvesting included baling.

Appeal from trial term, Otsego county.

Action by John Marsh against the Glens Falls Insurance Company. There was a judgment entered on a verdict in favor of plaintiff, and defendant appeals. Reversed.

The action was upon a policy issued by the defendant to Alice Withey, plaintiff's assignor, September 3, 1894, insuring her against loss by fire for one month upon the following property: "$300, on one hop dry kiln and building; $260, on hops cured and in process of curing while contained therein; $25, on stoves and pipes while therein. * * * Privilege is given for the customary and usual processes in the curing of hops. The insurance by this policy is to cover only while the permanent or other insurance covering the same property, if there be any, is retired or void, on account of the hop drying process or hazard." The fire occurred a few hours before the month expired. There was existing other insurance "on the hop house, except during hop harvesting, $250," under a policy

of the Otsego County Farmers' Co-operative Fire Insurance Company, for the term of three years. The defenses were: First, that the policy was not in force upon the hop house, because the hop harvesting was over, and therefore the Otsego Company's policy was in force as to the hop house at the time of the fire; second, an accord and satisfaction of all claims under the defendant's policy. Further facts are stated in the opinion.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Louis N. Brown, for appellant.

Holmes & Waterman, for respondent.

LANDON, J. If, in fact, the permanent insurance effected by the Otsego Company's policy was at the time of the fire retired, "on account of the hop drying process or hazard," then the defendant's policy was in force. The Otsego Company's policy was by its terms retired "during hop harvesting." Two questions of fact arise: (1) Does "hop harvesting" cover the "hop drying process or hazard"? If yes, did the fire occur during the "hop drying process or hazard"? The undisputed evidence was to the effect that Mrs. Withey's crop of hops had all been gathered, placed in the hop house, dried there, and packed away in the storeroom in the hop house at least 10 days before the fire, and that, when the fire occurred, the process of baling the hops for the market had begun. The following testimony was given, and was not disputed: "(2) Describe the steps taken in harvesting hops. (Objected to, as immaterial and incompetent; that the contract is clear, and parol evidence is not competent to vary it; that it is a question here about hop drying, and not hop harvesting. Objection overruled, and defendant excepted.) A. In the first place, they have to be picked, and then they are put into the kiln, and dried, and from that they are pressed and baled. When they are baled, they are ready for the market. That is the usual steps taken, I think, by almost everybody." The learned trial judge instructed the jury that, if they should find that "the baling and preparing the hops for market was a part of the harvesting of the hops, then the plaintiff is entitled to recover, provided there had been no settlement." The defendant excepted. This was substituting a condition of liability different from the one expressed in the defendant's policy. It was immaterial whether the baling the hops was part of the hop harvesting, unless the baling was also part of the hop drying process or hazard, and that did not appear. Apparently, the hop drying process or hazard preceded the bailing by, at least, 10 days.

Judgment reversed, and new trial granted; costs to abide the event. All concur.